UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE YOUNGS,<br><br>            Plaintiff,<br><br>      v.<br><br>A. DOWLATSHAHI, et al.,<br><br>            Defendants. | No. 2: 15-cv-2563 MCE KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
3    § 1915(b)(2).
4         The court is required to screen complaints brought by prisoners seeking relief against a
5    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11   Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
12   indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
13   490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
14   pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
16   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
17   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
18   1227.
19        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
20   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
23   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
24   formulaic recitation of the elements of a cause of action;" it must contain factual allegations
25   sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific
26   facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what
27   the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93
28   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Named as defendants are Dr. Dowlatshahi, a dentist, and the California Correctional Health Care Services ("CCHCS"). Plaintiff alleges that on November 20, 2014, an inmate gave plaintiff a bunch of paperwork. The paperwork apparently included some of plaintiff's medical/dental records. Plaintiff alleges that these records contained "personal" information that should not be disclosed to other inmates for plaintiff's safety. Plaintiff alleges that defendant Dowlatshahi negligently allowed these records to be disclosed to the other inmate. Plaintiff seeks money damages.

Attached as an exhibit to plaintiff's complaint is a letter addressed to plaintiff from defendant CCHCS which describes the incident plaintiff complains of in greater detail:

> On January 28, 2015, California Correctional Health Care Services (CCHCS) was informed that on November 20, 2014, documents containing your personal information were inadvertently left at a custody station counter at the California Health Care Facility. It was reported that another inmate picked up your documents and delivered them to you. The personal information on the documents included but was not limited to your name, CDCR number, dental, and medical information.

(ECF No. 1 at 8.)

Other than alleging that defendant Dowlatshahi acted negligently, plaintiff does not identify the legal theories on which he is proceeding. For the following reasons, the undersigned finds that plaintiff has failed to state any potentially colorable claims for violations of his federal rights.

To the extent plaintiff seeks to state a claim against defendants under the Health Insurance Portability and Accountability Act ("HIPPA"), it is a settled question in the Ninth Circuit that HIPPA does not provide for a private right to action for enforcement. Webb v. Smart Document Solutions, 499 F .3d 1078, 1080 (9th Cir. 2007). Accordingly, plaintiff has not stated a potentially colorable HIPPA claim.

For the reasons stated herein, the undersigned finds that plaintiff has not stated a potentially colorable claim for violation of his right to privacy. "Under Ninth Circuit authority, plaintiff has a constitutional right to information privacy applicable to medical information…" Doe v. Beard, 2014 WL 3507196 at *4-5 (C.D. Cal. 2014). However, plaintiff's allegations are insufficient to state a potentially colorable privacy claim because plaintiff alleges that defendant Dowlatshahi acted negligently. The District Court's discussion in Doe v. Beard on this issue is instructive:

> As to the initial disclosure, Plaintiff's allegations are insufficient to state a claim because Plaintiff has alleged only negligent conduct by Defendants. It is well established that negligent conduct is ordinarily not enough to state a claim alleging a denial of liberty or property under the Fourteenth Amendment. See Daniels v. Williams, 474 U.S. 327, 330 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").
>
> The highly sensitive nature of personal medical information requires that the government take correspondingly robust precautions to safeguard individual privacy. Indeed, the status of one's personal medical well-being is among the most sensitive information a person may possess. The evolving appreciation of the importance of preventing the involuntary disclosure of such information is reflected, among other developments, by the 1996 enactment of the Health Insurance Portability and Accountability Act (HIPAA), Pub.L. 104–191, 110 Stat.1936, which "recogniz[ed] the importance of protecting the privacy of health information in the midst of the rapid evolution of health information systems." Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1083 (9th Cir. 2007) (quotation marks and citation omitted). Disclosures resulting from a failure by Defendants to take appropriately robust safeguards may constitute conduct that is more than negligent and thus subject to liability under Section 1983.
>
> Here, however, Plaintiff has not alleged any facts to show that the government failed to take appropriate precautions and that the disclosure was a result of such a failure. The FAC expressly alleges that the disclosure of Plaintiff's medical records by Defendant Young on January 21, 2012, was "negligent [ ]." (FAC ¶ 64.) Plaintiff's factual allegations do not contradict this characterization, stating only that "Young had in fact given Plaintiff's medical records to another inmate ..." (Id. ¶ 32.) Therefore, Plaintiff has not alleged that the government violated its duty of care.

Doe, at *6.

In the instant case, plaintiff alleges that defendant Dowlatshahi acted negligently in allowing the other inmate to obtain plaintiff's dental/medical records. The letter to plaintiff from defendant CCHCS characterized the disclosure as "inadvertent." Accordingly, plaintiff's privacy claim is dismissed.

For the following reasons, the undersigned finds that plaintiff's claims against defendant CCHCS should be dismissed. The Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state agencies and individual prisons, absent "a waiver by the state or a valid congressional override...." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)).

Defendant CCHCS is a state agency. Thus, the claims against defendant CCHCS are barred by the Eleventh Amendment because the State of California has not waived its Eleventh Amendment immunity.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  January 4, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Yo2563.14

6

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE YOUNGS,<br><br>           Plaintiff,<br><br>      v.<br><br>A. DOWLATSHAHI, et al.,<br><br>           Defendants. | No. 2: 15-cv-2563 MCE KJN P<br><br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____   Amended Complaint

                                                  _____
                                                  Plaintiff