UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE YOUNGS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. DOWLATSHAHI,<br><br>　　　　　Defendant. | No. 2:15-cv-2563 MCE KJN P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　On January 4, 2016, the undersigned dismissed the original complaint with leave to amend. Pending before the court is plaintiff's amended complaint. (ECF No. 12.)

　　　　The only named defendant is A. Dowlatshai, a dentist at the California Health Care Facility ("CHCF"). Plaintiff alleges that defendant Dowlatshahi violated his rights when he left plaintiff's dental/medical records "unsecured," which resulted in another inmate picking them up and giving them to plaintiff. Plaintiff alleges that defendant left the dental/medical records in a place where inmates had access to them. The records stated that plaintiff was HIV positive. Apparently the inmate who retrieved the records and gave them to plaintiff read them, and disclosed plaintiff's HIV status to other inmates. Plaintiff alleges that as a result of the disclosure

of his HIV status, plaintiff has been taunted and assaulted by other inmates.

In the order dismissing plaintiff's original complaint, the undersigned found that plaintiff had not pled sufficient facts to state a potentially colorable claim for violation of his right to privacy.[1]

> "Under Ninth Circuit authority, plaintiff has a constitutional right to information privacy applicable to medical information…" Doe v. Beard, 2014 WL 3507196 at *4-5 (C.D. Cal. 2014). However, plaintiff's allegations are insufficient to state a potentially colorable privacy claim because plaintiff alleges that defendant Dowlatshahi acted negligently. The District Court's discussion in Doe v. Beard on this issue is instructive:
>
>> As to the initial disclosure, Plaintiff's allegations are insufficient to state a claim because Plaintiff has alleged only negligent conduct by Defendants. It is well established that negligent conduct is ordinarily not enough to state a claim alleging a denial of liberty or property under the Fourteenth Amendment. See Daniels v. Williams, 474 U.S. 327, 330 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").
>>
>> The highly sensitive nature of personal medical information requires that the government take correspondingly robust precautions to safeguard individual privacy. Indeed, the status of one's personal medical well-being is among the most sensitive information a person may possess. The evolving appreciation of the importance of preventing the involuntary disclosure of such information is reflected, among other developments, by the 1996 enactment of the Health Insurance Portability and Accountability Act (HIPAA), Pub.L. 104–191, 110 Stat.1936, which "recogniz[ed] the importance of protecting the privacy of health information in the midst of the rapid evolution of health information systems." Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1083 (9th Cir. 2007) (quotation marks and citation omitted). Disclosures resulting from a failure by Defendants to take appropriately robust safeguards may constitute conduct that is more than

---

[1] In the order dismissing the original complaint, the undersigned stated that to the extent plaintiff sought to state a claim against defendants under the Health Insurance Portability and Accountability Act (HIPPA"), it is a settled question in the Ninth Circuit that HIPPA does not provide for a private right to action for enforcement. Webb v. Smart Document Solutions, 499 F.3d 1078, 1080 (9th Cir. 2007). It does not appear that the amended complaint raises a HIPPA claim.

> negligent and thus subject to liability under Section 1983.
>
> Here, however, Plaintiff has not alleged any facts to show that the government failed to take appropriate precautions and that the disclosure was a result of such a failure. The FAC expressly alleges that the disclosure of Plaintiff's medical records by Defendant Young on January 21, 2012, was "negligent [ ]." (FAC ¶ 64.) Plaintiff's factual allegations do not contradict this characterization, stating only that "Young had in fact given Plaintiff's medical records to another inmate ..." (Id. ¶ 32.) Therefore, Plaintiff has not alleged that the government violated its duty of care.

Doe, at *6.

(ECF No. 8 at 4.)

The undersigned found that in the original complaint, plaintiff alleged that defendant Dowlatshahi acted negligently in allowing another inmate to plaintiff's medical/dental records. (Id. at 5.) On that ground, the undersigned dismissed the complaint with leave to amend.

Attached to the amended complaint is a copy of a memorandum addressed to plaintiff from California Correctional Health Care Services. (ECF No. 12 at 9.) While this letter characterizes defendant Dowlatshahi's actions as "inadvertent," it also states that, "we…want to assure that CCHCS has taken steps to mitigate these types of events, including information security training for staff." (Id.)

The decision by CCHCS to provide information security training in response to the disclosure of plaintiff's records suggests that appropriate precautions may not have been taken to protect plaintiff's privacy prior to their disclosure. However, in order to proceed on a claim alleging that that the disclosure of plaintiff's records was caused by CCHCS's failure to take proper precautions, such as their failure to train staff, plaintiff must name an appropriate defendant, such as the CCHCS Warden. In other words, plaintiff only states a potentially colorable claim for violation of his right to privacy against defendant Dowlatshahi if he states a potentially colorable claim against the prison official(s) whose failure to take proper precautions led to defendant Dowlatshahi's disclosure of plaintiff's records.

On this ground, the amended complaint is dismissed with leave to file a second amended complaint. To cure the pleading defects discussed above, the second amended complaint shall

include all claims raised in the first amended complaint, but also a claim against an appropriate CCHCS official or officials for failing to take appropriate precautions to protect plaintiff's privacy.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with thirty days to file a second amended complaint;

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Second Amended Complaint.

3. The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint by a prisoner.

Dated: January 29, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Yo2563.2am

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE YOUNGS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. DOWLATSHAHI,<br><br>　　　　Defendant. | No. 2:15-cv-2563 MCE KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　　_____　　　　Second Amended Complaint
DATED:

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff